[No. 20990.   Department Two.—November 29, 1893.]

# THE PEOPLE, RESPONDENT, *v.* WILLIAM RONEY, APPELLANT.

CRIMINAL LAW—TRIAL—CHARGE TO JURY—REFUSAL OF INSTRUCTIONS EMBODIED IN CHARGE.—Where instructions asked for by a defendant in a criminal prosecution are all substantially embodied in the charge of the court, and the jury are fully charged by the court on all matters of law necessary for their information, the judgment will not be reversed because of the refusal of the court to give the instructions as requested.

APPEAL from a judgment of the Superior Court of Napa County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Dennis Spencer,* and *John T. York,* for Appellant.

*Attorney-General W. H. H. Hart,* and *Henry C. Gesford,* for Respondent.

FITZGERALD, J.—The defendant was convicted of the crime of assault with intent to commit rape, and sentenced to imprisonment in the state prison for a term of years.

This appeal is taken by him from the judgment and the order denying his motion for a new trial.

It is contended by appellant that the judgment should be reversed:

*First.*   Because of the insufficiency of the evidence to sustain the verdict.

*Second.*   Because the court erred in refusing to give certain instructions requested by the defendant.

*Third.*   Errors of law occurring at the trial.

As the evidence upon which the defendant was convicted fully sustains the verdict, the first ground of objection with respect to its insufficiency cannot be sustained.

Nor is it necessary to consider the questions embraced in the grounds of objection relating to the alleged errors of law occurring at the trial, further than to say that they are either untenable or immaterial.

The remaining questions which we are asked to consider relate to the instructions requested by the defendant and refused by the court.

An examination of the record with reference to these questions shows that the instructions requested by the defendant, and refused, were all substantially embodied in the charge of the court and the instructions given at the request of the defendant; and, as the jury was fully charged by the court on all matters of law necessary for their information, it follows that the judgment and order should be affirmed.

So ordered.

McFarland, J. and De Haven, J. concurred.